IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01431-CMA-SKC

ADAM HILTON,

    Plaintiff,

v.

CHRISTOPHER GRAVES, in his individual and official capacity, and
HAROLD JOSEPH BELLM, III, in his individual capacity,

    Defendants.

---

**ORDER AFFIRMING JUNE 27, 2018 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING DEFENDANT BELLM'S MOTION TO DISMISS**

---

This matter is before the Court upon the June 27, 2018 Recommendation by United States Magistrate Judge Mark L. Carman that Defendant Harold Joseph Bellm, III's Motion to Dismiss (Doc. # 93) be granted. (Doc. # 99.) For the reasons stated below, the Court overrules Plaintiff Adam Hilton's Objection (Doc. # 103), affirms and adopts Magistrate Judge Carman's Recommendation, and grants Defendant Bellm's Motion to Dismiss.

## I.     BACKGROUND

The Magistrate Judge's Recommendation recites the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C.

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address more recent procedural history and Plaintiff's Objection.

In brief, Plaintiff asserts that his minor stepdaughter, P.B., falsely reported that he sexually assaulted her and was "entirely motivated" by Defendant Bellm, her father, "who coerced and bribed her into lying directly to police, courts, prosecutors and child protection professionals." (Doc. # 41.) Plaintiff initially brought several causes of action against Weld County Sheriff's Office officials (Defendant Christopher Graves; former Defendants Robbie Korgan-Reed, Robert Roberts, and Steve Reams) who investigated P.B.'s claims; a victim's advocate employed by the Weld County Sheriff's Office, former Defendant Kelly Bell; and Defendant Bellm:

1. Violations of his Fourth and Fourteenth Amendment procedural due process rights, under 42 U.S.C. § 1983, for malicious prosecution, against Defendants Graves, Korgan-Reed, Roberts, Reams, and Bell;

2. Violation of his Fourteenth Amendment rights, under 42 U.S.C. § 1983, for manufacture of inculpatory evidence, against Defendants Graves, Korgan-Reed, Roberts, Reams, and Bell;

3. Violation of his Fourth Amendment rights, 42 U.S.C. § 1983, for unreasonable seizure/arrest without probable cause, against Defendants Graves, Korgan-Reed, Roberts, Reams, and Bell;

4. Violation of his Fourth and Fourteenth Amendment rights, 42 U.S.C. § 1983, for false imprisonment, against Defendants Graves, Korgan-Reed, Roberts, Reams, and Bell;

5. Violation of his Fourth and Fourteenth Amendment rights, 42 U.S.C. § 1983, for conspiracy to violate civil rights, against all Defendants;

6. Defamation *per se* against Defendant Bellm;

7. Malicious prosecution against Defendants Bell and Bellm;

8. False imprisonment against Defendants Bell and Bellm;

9. Outrageous conduct against Defendant Bellm;

(Doc. # 41 at 30–49.)

Defendants Korgan-Reed, Roberts, and Reams moved to dismiss Plaintiff's claims against them on October 30, 2017. (Doc. # 49.) Though Magistrate Judge Carman's Recommendation analyzed these Defendants' Motion to Dismiss at length, *see* (Doc # 99 at 6–22), Defendants Korgan-Reed, Roberts, and Reams were dismissed from this action on July 24, 2018 (Doc. # 105), on their Unopposed Motion to Dismiss All Claims Against Them With Prejudice (Doc. # 104.) The Court therefore denied as moot their first Motion to Dismiss (Doc. # 49). (Doc. # 113.) The Court need not address Magistrate Judge Carman's Recommendation as to former Defendants Korgan-Reed, Roberts, and Reams.

Defendant Bell moved to dismiss Plaintiff's claims against her on November 8, 2017. (Doc. # 56.) Magistrate Judge Carman assessed her Motion to Dismiss in his Recommendation, *see* (Doc. # 99 at 22–26), but Defendant Bell was dismissed from this action on August 21, 2018 (Doc. # 112) because Plaintiff did not oppose her second Motion to Dismiss Federal Claims Against Her (Doc. # 111). The Court therefore denied Defendant Bell's first Motion to Dismiss (Doc. # 56) as moot. (Doc. # 112.)

Defendant Bellm filed his Motion to Dismiss *pro se* on February 12, 2018. (Doc. # 93.) The Motion is just one sentence long, requesting the case be dismissed "for all of the reasons" stated in the first Motions to Dismiss of then-Defendants Korgan-Reed, Roberts, and Reams and of then-Defendant Bell. (*Id.*)

Finally, Defendant Graves filed his Motion to Dismiss on November 13, 2017. (Doc. # 58.) On November 27, 2017, Plaintiff filed a Notice of Suggestion of Bankruptcy by Defendant Graves (Doc. # 63), and on December 4, 2017, Plaintiff moved to stay all proceedings as to Defendant Graves (Doc. # 72). The Court stayed the case as to Defendant Graves only, ordered him to keep the Court abreast of his bankruptcy case on January 8, 2018 (Doc. # 85), and denied his Motion to Dismiss with leave to refile (Doc. # 114). This stay as to Defendant Graves remains in place until the Court receives documentation of the United States Bankruptcy Court's resolution of his bankruptcy matter. *See* (*id.*)

Magistrate Judge Carman issued his Recommendation on the Motions to Dismiss on June 27, 2018. (Doc. # 99.) Plaintiff filed his Objection on July 18, 2018, and objects only to the Magistrate Judge's assessment of his claims against former Defendant Bell and Defendant Bellm. (Doc. # 103.) Because Defendant Bell has been dismissed from the case, the Court need only address Plaintiff's concerns as to Defendant Bellm.

## II. DISCUSSION

Plaintiff asserts five claims against Defendant Bellm: Claim 5, a Section 1983 claim for conspiracy to violate civil rights against all Defendant; Claim 6, for defamation *per se* by Defendant Bellm only; Claim 7, for malicious prosecution against him and former Defendant Bell; Claim 8, for false imprisonment against him and former Defendant Bell; and Claim 9, for outrageous conduct solely by him. (Doc. # 41 at 44–

49.)  Only Claim 5 arises under federal law; the others are state law claims over which the Court has supplemental jurisdiction.

Defendant Bellm did not raise his own arguments in his Motion to Dismiss.  (Doc. # 93.)  He instead incorporated the arguments asserted by then-Defendants Korgan-Reed, Roberts, and Reams and then-Defendant Bell in their first Motions to Dismiss.  (*Id.*)

For reasons the Court need not detail here, the Magistrate Judge recommended that the Court dismiss all claims against then-Defendants Korgan-Reed, Roberts, and Reams and then-Defendant Bell.  (Doc. # 99 at 6–26.)  In addressing Defendant Bellm's Motion to Dismiss, Magistrate Judge Carman recognized that Defendant Bellm's "position in this case is unique," as Claims 1 through 4 are not alleged against him, and "the only § 1983 allegation against Bellm is the conspiracy claim at Count 5."  (*Id.* at 27.)  The Magistrate Judge explained that to hold a private individual, such as Defendant Bellm, liable under Section 1983, "it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials."  (*Id.*) (quoting *Lee v. Town of Estes Park*, 820 F.2d 1112, 1114 (10th Cir. 1987)). He determined that Plaintiff "fail[s] to assert factual allegations to support a claim that Bellm's actions were somehow chargeable to the State."  (*Id.*)  "To the contrary, most of the allegations against Bellm assert he acted by himself or with the help of [then-Defendant] Bell."  (*Id.* at 28.)  Accordingly, Magistrate Judge Carman recommended that Claim 5, the Section 1983 claim against Defendant Bellm for conspiracy to violate Plaintiff's constitutional rights, be dismissed with prejudice.  (*Id.*)

5

As to Claims 6 through 9, the state law claims alleged against Defendant Bell, the Magistrate Judge declined to address them "because with the dismissal of the § 1983 claims, there is no stated jurisdiction for [them]." (*Id.*) He recommended that "the remaining state claims against Bellm be dismissed without prejudice." (*Id.*)

Because it is relevant to Plaintiff's Objection, the Court must also consider Magistrate Judge Carman's analysis of the conspiracy claim (Claim 5) as alleged against then-Defendant Bell, the victim's advocate. *See* (*id.* at 24–25.) After explaining that to state a claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst defendants," (*id.* at 24) (*quoting Tonkovich v. Kans. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998)), the Magistrate Judge stated that Plaintiff "offers only conclusory allegations regarding the nature of the conspiracy. . . . [T]here is no factual allegation" that then-Defendant Bell's alleged contacts with law enforcement "resulted in some form of agreement between the Sheriff's Office Defendants, Bell, and Bellm." (*Id*. at 25.) He therefore recommended the Court dismiss Claim 5 as alleged against then-Defendant Bell. (*Id.*)

Plaintiff objects only to Magistrate Judge Carman's conclusion regarding Plaintiff's conspiracy claim (Claim 5) as alleged against then-Defendant Bell and Defendant Bellm. (Doc. # 103.) He contends that he "pled sufficient facts to survive a motion to dismiss for a conspiracy claim between Kelly Bell and Joseph Bellm III." (*Id.* at 3.) Much of his disjointed Objection is based on his understanding of the legal principles applicable to Federal Rule of Civil Procedure 12(b)(6); he argues that he "need not necessarily plead a particular fact if that fact is a reasonable inference" from

6

other factual allegations and that the Court "must assume the facts as pled." (*Id.* at 3–4.) He restates his allegations about then-Defendant Bell's conduct, few of which implicate Defendant Bellm. *See generally* (*id.* at 4–8.) Plaintiff's most relevant allegation is that Defendant Bellm contacted then-Defendant Bell 242 times over the course of the investigation, *see* (Doc. # 41 at 19), which Plaintiff argues "is at least some evidence of an agreement and joint effort by Bell and Bellm, sufficient to survive the motion to dismiss" (Doc. # 103 at 7).

Plaintiff only addresses Claim 5 as alleged specifically against Defendant Bellm briefly, arguing:

> The claims against Bellm then can be limited to his concerted action with Bell. The claims of conspiracy in particular . . . require denial of Bellm's skeletal motion to dismiss. There does not appear to be a finding by the magistrate that Bellm acted alone; and instead, the recommendation by the magistrate judge leaves room for a finding that his 'private conduct' and conspiracy was a joint enterprise, with a state official (Bell), and he received significant aid throughout the investigation from Bell, and thus his conduct should be charged to the State.

(*Id.* at 8–9.) Lastly, Plaintiff agrees with the Recommendation as to the disposition of the state law claims alleged against Defendant Bellm: that they should be dismissed without prejudice. (*Id.* at 9.)

The Court affirms Magistrate Judge Carman's conclusion that Plaintiff fails to sufficiently allege a conspiracy claim under Section 1983 against Defendant Bellm. Plaintiff's Objection does not argue **how** the Magistrate Judge erred in his determination that Plaintiff does not adequately allege that Defendant Bellm, a private individual, was acting under the color of state law, nor does he point to the Court to any additional allegations of significant state aid to Defendant Bellm. The Court is satisfied that

Magistrate Judge Carman correctly concluded that Defendant Bellm was not acting under the color of state law. *See* (Doc. # 99 at 28.) Plaintiff's conspiracy claim (Claim 5) against Defendant Bellm therefore fails and is dismissed with prejudice pursuant to Rule 12(b)(6).

The Court also affirms and adopts Magistrate Judge Carman's recommendation that it dismiss Plaintiff's state law claims against Defendant Bellm (Claims 6–9) without prejudice for lack of jurisdiction. *See* (*id.* at 28.)

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court ORDERS that Magistrate Judge Carman's June 27, 2019 Recommendation (Doc. # 99) is AFFIRMED and ADOPTED as an Order of this Court. Accordingly, it is

FURTHER ORDERED that Defendant Bellm's Motion to Dismiss (Doc. # 93) is GRANTED. Defendant Bellm is therefore dismissed from this action. It is

FURTHER ORDERED that Claim 5 as alleged against Defendant Bellm is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that Claims 6–9 as alleged against Defendant Bellm are DISMISSED WITHOUT PREJUDICE.

This case now proceeds only on Plaintiff's claims asserted against Defendant Graves.

DATED: September 18, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge